## CENTRAL RAILROAD *vs.* THOMPSON.

CASE, FROM SCREVEN. Railroads. Damages. Negligence. Charge of Court. Life Tables. Trespass. Husband and Wife. (Before Judge Carswell.)

Jackson, C. J.—1. As the case is returned for a new trial, no opinion is expressed on the evidence.

2. It is the duty of a railroad company so to fix its station or depot that a passenger who gets off at the depot or place to alight may get off the car without danger; and it is also its duty to fix such a way of exit from the depot over its right of way that the passenger may go away from the place at which the passenger is invited to get on and off, without danger to life or limb; but it is not its duty to see him safe and secure in his exit from the track and over its right of way. The carrier is not bound to insure him a safe exit from the depot, but to insure only a safe way for him to use for an exit.

(a) The charge on this subject was hardly apposite to the case, where the injury did not occur at a depot, but a point several hundred yards from the depot, where he was induced by the agents of the company to leave the train, or else voluntarily left it, without inducement from them.

(b) There is a difference between the ordinary announcement of a station as the train approaches it, so that the passengers may prepare to leave the train when it reaches the station, and the announcement after the train has stopped; in the latter case it is equivalent to inviting the passengers for that station to leave the train. If the passenger in this case got out without such an announcement, it was his act; if he was deceived by the announcement, it was the company's act, so far as fault is concerned.

(c) The issues in this case as to the fault of the company or of the deceased, both in respect to leaving the train and in respect to his not re-embarking, and the respective diligence or negligence of each, both before and after his leaving the train, stated.

(d) The railroad company contracted to give the passenger in this

case a safe transportation to the station of his destination, and until it carried him to that regular and safe landing, it was responsible for slight neglect, extraordinary diligence being the measure of its care for him to that place. But, though the company may have been negligent, it could defend itself and defeat a recovery of damages by showing that when the passenger was endangered by its negligence, he could have avoided the consequences of it by the use of ordinary care.

3. Negligence is a question for the jury, and it is error for the judge to charge that if certain facts exist, then there is negligence in the carrier. The only exception to this rule is where the law makes a thing negligence in express terms, as in failing to blow the whistle or ring the bell of a locomotive in approaching a crossing. In such a case the judge may instruct the jury that the omission is negligence.

4. Although a portion of the charge may have been rather confused or unhappily expressed, yet where its meaning was that when a railroad company has done all the law requires it to do, it is enough, and it cannot be made liable for unavoidable accident, it was not error.

5. There was no error which will require a new trial in charging to the effect that the law requires extraordinary diligence on the part of railroads and their employees in transporting passengers, wisely, as human life is at stake from steam carriage, and for slight negligence they are, and ought to be, responsible.

(a) In a charge to the jury an encomium on the law is unnecessary, if not one sided, in lauding the wisdom of the law which bears on the company, unless a like encomium were passed upon that which imposes care and diligence upon the passenger; but it is not such error as requires a new trial.

(b) It is not always best in charging upon the trial of a case, to use the language of a reviewing court in discussing it.

6. The jury is not confined to any procrustean rule in measuring the value of a life. The life tables are an aid to that end, but age, health, habits, and the money one is making, are also data from which a conclusion may be drawn.

7. A passenger is not a trespasser because he walks on the track of his carrier when he sees no train coming.

8. In an action by a widow against a railroad for the homicide of her husband, it was error to charge the jury to calculate the value of the life of the deceased, with the sum or amount of his annual pecuniary value to the plaintiff and the number of years of his life expectancy as a basis, and to omit entirely to submit to the jury the increasing incapacity of the deceased to work at his trade as a carpenter, or the decrease in ability to labor which age might cause. No arbitrary rule

can be invoked to calculate such decrease in value, but the jury must. approximate it from the facts before them; such as constitution, habits,. heredity, and such experience of the effects of age on muscle, nerve and endurance as they, themselves, have had or witnessed in their inter-course with men.

(a)  It would seem to follow that the verdict is too large, as the effect of the decline of strength with age was left out of consideration.

9.  In defense to a suit by a widow against a railroad company for the homicide of her husband, a recovery may be defeated if the husband's own negligence either caused the injury or if he could have avoided the consequences of the defendant's negligence by the use of ordinary care. Code, §§3034, 2972; Central Railroad *vs.* Harris (present term) 1 GEORGIA LAW REPORTER, p. 341.

Judgment reversed.

Lawton & Cunningham, for plaintiff in error.

Hobby & Mathews; Hook & Montgomery, for defendant.